UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| M.J., by and through his guardian, M.K.J, *Plaintiff* v. SHERIFF ANDY BROWN, et al. *Defendants* | CIVIL ACTION NO. 25-cv-00146 <br><br> JUDGE _____ <br><br> MAG. JUDGE _____ |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff M.J., by and through his guardian, M.K.J, and undersigned counsel, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to Proceed Anonymously.

**INTRODUCTION**

Plaintiff is a minor and a victim of rape and therefore has a strong interest in protecting his privacy in this matter of utmost intimacy. Federal Rule of Civil Procedure 5.2(a) requires the identity of a minor in any court filing to be redacted by including only the minor's initials. To avoid further public disclosure of this highly sensitive personal information while seeking redress for the violation of Plaintiff's state and federally protected rights, Plaintiff's guardian has also filed

the Complaint pseudonymously and contemporaneously seeks leave from this Court to proceed anonymously in this action.

## FACTUAL ALLEGATIONS

Plaintiff was raped by a fellow juvenile detainee while he was in the physical custody of Jackson Parish Sheriff's Office at Jackson Parish Jail on February 15, 2024. Defendants failed to protect Plaintiff from this harm, in violation of 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana.

## APPLICABLE LAW

While Federal Rule of Civil Procedure 5.2(a) requires the identity of a minor in any court filing to be redacted, in this case, Plaintiff's guardian also seeks leave from this Court to proceed anonymously to further protect her son's anonymity. A motion to proceed pseudonymously is decided by balancing a party's privacy interest against the public's interest in open judicial proceedings. *See Doe v. Stegall*, 653 F.2d 180, 184-186 (5th Cir. 1981) (allowing parent and two child litigants to proceed anonymously in a constitutional challenge to prayer and Bible reading exercises in public schools). A plaintiff is generally allowed to litigate under a pseudonym where substantial privacy interests are at stake or where a plaintiff would be compelled to disclose, *inter alia*, information of a sensitive or highly personal nature—information of the "utmost intimacy." *See id.*; *S. Methodist Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). The parent of a minor litigant may also proceed anonymously where, as in the instant matter, the nature of the case and/or the small community in which the Plaintiff resides weighs in favor of allowing this additional protection to the minor plaintiff's identity. *See Doe v. Stegall*, 653 F.2d 180, 184-186 (5th Cir. 1981); *C.M. v. United States*, 2021 U.S. Dist. LEXIS 62176 at *6 (W.D. Tex. Mar. 31, 2021) (allowing parent plaintiff to proceed anonymously to protect the

identity of minor child plaintiff because "[i]f Plaintiff is required to disclose his name and identity in this litigation, it would be easy for the public, media, or others to uncover the identity of [Plaintiff's minor child], which would undermine the objectives of Rule 5.2(a).").

Federal courts "generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014); *See also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC*, No. CCB–13–1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter" and allowing the sexual assault victim to proceed pseudonymously); *Roe v. St. Louis Univ.*, No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy"); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (stating that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."). These cases show that federal precedent weighs in favor of allowing the use of a pseudonym in cases involving sexual assault even for plaintiffs who are over the age 18.

Louisiana state law also weighs heavily in favor allowing the use of a pseudonym. LSA-Const. Art. 1, §25 guarantees that "[a]ny person who is a victim of crime shall be treated with fairness, dignity, and respect." Louisiana Revised Statutes 46:1844 sets forth the basic rights to which victims of a crime are entitled. Among those basic rights is the right for a victim of a "sex offense" and crime victims who are minors to protect their identity through the use of a pseudonym in legal proceedings. La. R.S. 46:1844(w).

Plaintiff has a strong privacy interest in the use of a pseudonym, which interest clearly outweighs any countervailing public interest in revealing his or his guardian's identity. Plaintiff was the victim of rape, and he will be further traumatized if he is forced to publicly reveal his—or his guardian's—identity for all the world to see in perpetuity. Courts have recognized that anonymity can be important to safeguard recovery from trauma. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011). Compelling the plaintiff to identify his or his guardian's name on every court filing would make the plaintiff's name indefinitely discernable and available to the public. "Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case." *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). Concealing the plaintiff's identity is often "necessary to prevent additional psychological harm to the plaintiff[.]" *Id* at n. 6. The risk that a sexual assault victim will suffer additional mental harm as a result of being forced to reveal their identity is, by itself, a sufficient reason to warrant proceeding under a pseudonym. *Id.* at n. 6.

The public's interest is best served by allowing Plaintiff and his guardian to proceed through pseudonyms. In this case, the public's interest in open judicial proceedings is not dependent on, or even aided by, knowledge of Plaintiff's identity. The Plaintiff is not a public figure, so the public has no greater interest in knowing the Plaintiff's identity than they would for any average citizen. On the other hand, the public's interests would be furthered significantly by allowing Plaintiff to use a pseudonym in this case. There is a "strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). Forcing plaintiff to reveal his, or his guardian's identity would serve as a deterrent to other victims coming forward.

Defendants will not be prejudiced by Plaintiff's or his guardian's use of a pseudonym. Defendants are already fully aware of Plaintiff's identity, as he was booked into Jackson Parish Jail using his full legal name. Moreover, Plaintiff intends to file a Declaration under seal confirming his and his guardian's full legal names. Under these circumstances, neither fundamental fairness nor ease of discovery will be compromised by Plaintiff's or his guardian's use of a pseudonym.

## CONCLUSION

Because the potential harm to Plaintiff clearly outweighs any potential interest in full public access to his identity, Plaintiff requests that this Court grant his request for himself and his guardian to proceed pseudonymously in this litigation.

Respectfully Submitted:

/s/ Casey Denson
**Casey Rose Denson (La. #33363)**
cdenson@caseydensonlaw.com
**Rachel Hudson (La. #40827)**
rhudson@caseydensonlaw.com
**CASEY DENSON LAW, LLC**
8131 Oak Street, Suite 100
New Orleans, LA 70118
Phone: (504) 224-0110
Fax: (504) 534-3380

*Attorneys for Plaintiff M.J., by and through his guardian, M.K.J*